# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JUAN ACOSTA, <br><br> Plaintiff, <br><br> vs. <br><br> CLARK COUNTY, et al., <br><br> Defendants. | Case No. 2:15-cv-00232-LDG-GWF <br><br> **ORDER** |

This matter is before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (#1), filed on February 11, 2015. Plaintiff filed an Amended Complaint (#4) on April 27, 2015. This matter is also before the Court on Plaintiff's Emergency Motion for Ex Parte Temporary Restraining order and Order to Show Cause (#5), filed on June 1, 2015. This matter is also before the Court on Plaintiff's Motion to Amend Complaint (#6), filed on June 5, 2015.

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his six year-old daughter, Carmen Acosta, was emotionally, physically, and sexually abused while in the legal custody of the State of Nevada and/or Clark County, and in foster care. Plaintiff seeks redress for the harms suffered by Carmen in the Defendants' care.

## DISCUSSION

**I.     Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

## II.  Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007).  This is especially important for civil rights complaints.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint.  *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v.*

*Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id*. at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.

### III. Instant Complaint

The first issue to be determined is one of justiciability; whether or not Plaintiff has the standing to sue on behalf of his biological daughter.  In every federal case, the litigant must show that he or she is entitled to have the court decide on the merits of their complaint.  *Warth v. Seldin*, 422 U.S. 490, 498 (1984).  Article III of the United States Constitution requires a plaintiff to show that the conduct of which he complains caused him to suffer an "injury in fact," and that the Court can redress through a favorable ruling.  *Elk Grove United Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004).  Additionally, the Court has required additional, prudential requirements to claim standing in a particular case.  *Allen v. Wright,* 468 U.S. 737, 750 (1984).  Prudential standing demonstrates "judicially self-imposed limits on the exercise of federal jurisdiction," which has generally prohibited one litigant from asserting another's legal rights.  *Elk Grove*, 542 U.S. at 11-12.  Generally, third parties have only been allowed to bring suit on behalf of other litigants when the third party would be an effective litigant on behalf of the injured party, and the injured party is unable to assert their own rights.  *Singleton v. Wulff,* 428 U.S. 106, 115-116 (1976).

In certain circumstances, a "next friend" may act on behalf of another individual who does not have the legal capacity to act on his or her own behalf; this most often occurs with minors.  *Whitmore v. Ark.,* 495 U.S. 149, 163-64 (1989).  However, pursuant to Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a parent is barred from bringing a federal lawsuit on behalf of a minor in federal court without representation by a lawyer.  *Johns v. County of San Diego,* 114 F.3d 874 (9th Cir.

1997).

Plaintiff is acting *pro se* and attempts to bring this action on behalf of his biological daughter. Although a plaintiff may appear *pro* se on his or her own behalf, an individual "has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir. 1987). Especially where the legal interests of children are concerned, the Ninth Circuit has held that "it is not in the interest of minors or incompetents that they be represented by non-attorneys." *Johns*, 114 F.3d at 876 (quoting *Osei-Afriyie v. Medical College*, 937 F.2d 876, 882-83 (3rd Cir. 1991)); *see also Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (2nd Cir. 1990); *Meeker v. Kercher,* 782 F.2d 153, 154 (10th Cir. 1986). Additionally, the Ninth Circuit held that the choice to appear *pro se* is not a true choice for minors, who are incapable of determining their own legal actions. *Johns*, 114 F.3d at 876. Specifically relevant to the present action, courts have determined that parent's claims "alleging child abuse or seeking damages suffered by children must" be dismissed if the parent is seeking to represent the child in a *pro se* capacity. *Banks v. United States Soc. Sec. Admin.,* 2012 WL 5304741 *4 (quoting *Delany v. SoutherWyatt,* 2001 WL 34041896 *1 (D. Or. Jul 11, 2001)). The Court will therefore dismiss Plaintiff's Amended Complaint (#4) without prejudice, to allow him the opportunity to acquire counsel. Should Plaintiff choose to proceed with the assistance of counsel, he is granted leave to amend his complaint.[1]

**IV.    Emergency Motion for Temporary Restraining Order**

Plaintiff's Emergency Motion for a Temporary Restraining Order (#5) is premature. Because the Plaintiff applied for *in forma pauperis* status, his Amended Complaint (#4) has not yet been served on the Defendants. Additionally, as set forth above, Plaintiff may not pursue this action on behalf of his minor child without legal representation by counsel.  he motion will therefore be dismissed without prejudice, so that Plaintiff may raise this motion at an appropriate

---

[1] Should the Plaintiff acquire counsel and wish to proceed with his case, the Court may refrain from exercising jurisdiction due to the ongoing state court proceedings in Clark County Family Court Case No. J-12-325578-P1. The ongoing Family Court case likely provides Plaintiff the proper forum to air his grievances with his daughter's treatment and care.

time should he choose to proceed with this case.

### V. Motion to Amend Complaint

Plaintiff's Complaint (#4) is dismissed without prejudice. Plaintiff is granted leave to amend should he choose to pursue his claims with counsel. Therefore, the Motion to Amend is moot. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint (#4) is **dismissed** without prejudice with leave to amend. Plaintiff shall have until **July 23, 2015** to acquire counsel and file an amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion for a Temporary Restraining Order (#5) is **denied** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (#6) is **denied**.

**DATED** this 25th day of June, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge